RE: REQUEST FOR AN OPINION REGARDING 70 O.S. 17-104
ATTORNEY GENERAL HENRY HAS ASKED ME TO RESPOND TO YOUR RECENT LETTER CONCERNING THE FOLLOWING QUESTION:
 WHETHER THE TEN PERCENT (10%) INTEREST AS IDENTIFIED IN 70 O.S. 17-104(2) (1988), WILL BE APPLIED TO ALL YEARS WHICH ELAPSED BETWEEN THE INITIAL CESSATION OF MEMBERSHIP AND THE REDEPOSIT OF PRIOR SERVICE CREDIT?
BECAUSE YOUR QUESTION DOES NOT PRESENT A NOVEL LEGAL ISSUE AND CAN BE ANSWERED BY REFERENCE TO THE CONTROLLING STATUTES AND WELL RECOGNIZED PRINCIPLES OF LAW, THE ISSUANCE OF AN OFFICIAL OPINION OF THE ATTORNEY GENERAL IS UNNECESSARY. THE CONCLUSIONS EXPRESSED BELOW ARE, OF COURSE, THOSE OF THE UNDERSIGNED ASSISTANT ATTORNEY GENERAL AND DO NOT CONSTITUTE THE OFFICIAL OPINION OF THE ATTORNEY GENERAL.
TITLE 700.S. 17-104 PROVIDES, IN PERTINENT PART:
 "WHEN MEMBERSHIP CEASES SUCH PRIOR SERVICE CERTIFICATE SHALL BECOME VOID. SHOULD THE FORMER MEMBER RETURN TO SERVICE IN OKLAHOMA, HE SHALL AGAIN BECOME A MEMBER NOT ENTITLED TO PRIOR SERVICE CREDIT, WITH THE PROVISION THAT HE MAY REESTABLISH HIS PRIOR SERVICE CREDIT BY REDEPOSITING-IN THE APPROPRIATE FUND THE AMOUNT FORMERLY WITHDRAWN, WITH THE INTEREST AT FIVE PERCENT (5%) PER ANNUM FROM THE DATE MEMBERSHIP CEASED TO THE DATE OF REDEPOSIT; PROVIDED, HOWEVER, EFFECTIVE JANUARY 1, 1990, THE RATE OF INTEREST PROVIDED HEREIN SHALL BE TEN PERCENT (10%) PER ANNUM. NO MEMBER SHALL BE PERMITTED TO TAKE ADVANTAGE OF THIS PROVISION FOR RESTORATION OF PRIOR SERVICE MORE THAN ONE TIME."
(EMPHASIS ADDED)
A MEMBER OF THE TEACHERS' RETIREMENT SYSTEM (TRS) MAY REDEPOSIT PRIOR SERVICE CREDIT WITH INTEREST THEREON BUT ONE TIME. (SEE THE EMPHASIZED LANGUAGE IN 70 O.S. 17-104, ABOVE) THE LEGISLATURE HAS GRANTED MEMBERS THIS RIGHT SUBSEQUENT TO HIS OR HER REESTABLISHMENT OF TRS MEMBERSHIP.
THE LEGISLATURE HAS EXPRESSLY STATED THAT "EFFECTIVE JANUARY L, 1990, THE RATE OF INTEREST PROVIDED HEREIN SHALL BE TEN PERCENT (10%) PER ANNUM." THE CARDINAL RULE FOR STATUTORY CONSTRUCTION IS TO ASCERTAIN THE INTENT OF THE LEGISLATURE BY CONSIDERATION OF THE LANGUAGE USED. WALKER V. ST. LOUIS — SAN FRANCISCO RY. CO., 671 P.2D 672 (OKLA. 1983). MOREOVER WHEN THE INTENT OF THE LEGISLATURE IS PLAINLY EXPRESSED IN THE STATUTE, IT MUST BE FOLLOWED WITHOUT FURTHER INQUIRY. HUGHES DRILLING CO. V. MORGAN, 648 P.2D 32 (OKLA. 1982).
INASMUCH AS A MEMBER OF TEACHERS' RETIREMENT SYSTEM CAN TAKE ADVANTAGE OF THIS SECTION BUT ONCE, IT APPEARS THAT THE LEGISLATURE PLAINLY INTENDED THAT THE DATE ON WHICH THIS RIGHT IS EXERCISED WOULD CONTROL THE APPLICABLE RATE OF INTEREST. THIS CONCLUSION DERIVES FURTHER SUPPORT FROM THE PHRASING OF THE STATUTE PERTAINING TO THE 5 INTEREST RATE WHICH CONTROLLED THROUGH DECEMBER 31, 1989: THE EFFECTIVE DATE APPLIES "FROM THE DATE MEMBERSHIP CEASED TO THE DATE OF REDEPOSIT." THERE IS NO HINT IN THE STATUTE THAT THE 10 RATE IS MEANT TO APPLY IN A DIFFERENT FASHION.
THEREFORE, IT IS THE OPINION OF THE UNDERSIGNED THAT ALL MEMBERS OF TEACHERS' RETIREMENT SYSTEM WHO EXERCISE THEIR RIGHT, AS IDENTIFIED IN 70 O.S. 17-104(2)(A), TO REDEPOSIT PRIOR SERVICE PREVIOUSLY WITHDRAWN SHALL PAY THE RATE OF INTEREST IN EFFECT AT THE TIME OF THE REDEPOSIT. THIS RATE OF INTEREST SHALL BE APPLICABLE TO ALL YEARS WHICH ELAPSED BETWEEN THE INITIAL CESSATION OF MEMBERSHIP AND THE REDEPOSIT OF PRIOR SERVICE CREDIT. IF I MAY BE OF ANY FURTHER SERVICE REGARDING THIS MATTER PLEASE FEEL FREE TO CONTACT ME.
(TAMMY M. THOMPSON)